IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:04-cr-01 (HL) |
| | : | |
| **DAVID W. JACKSON,** | : | |
| | : | |
| Defendant. | : | |

_____

# **ORDER**

David Wayne Jackson has filed a document styled "Motion for Reconsideration of Sentence" (doc 31). In the Motion, Jackson, who was sentenced to a term of imprisonment of 327 months by judgment entered September 29, 2004, asks that his sentence be reduced. He contends that when he entered into the plea agreement, he believed that the prosecutor was going to recommend that he be sentenced on the lower end of the guideline range, and that the prosecutor failed to make the recommendation as promised.

The United States Code sets forth in great detail the procedures which a district court must follow in imposing a sentence. A district court has limited authority to modify a sentence of imprisonment once it has become final, however. The Code provides the following with respect to when a court can modify an otherwise final sentence:

(b) **Effect of finality of judgment.** –Notwithstanding the fact that a sentence to imprisonment can subsequently be–

(1) modified pursuant to the provisions of subsection c);

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

>               (3) appealed and modified, if outside the guideline range,
>       pursuant to the provisions of section 3742;
>
>   a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

18 U.S.C.A. § 3582(b) (West 2000).  None of the exceptions for modifying an otherwise final judgment, as provided in § 3582, are present here.  Jackson filed an appeal from his sentence, but the appeal was denied because the appellate court found that Jackson had validly waived the right to appeal.  Jackson is not eligible for a reduction in sentence pursuant to Rule 35.[1]  Nor do the modification provisions detailed at subsection c) of § 3582 apply here.[2]

None of the circumstances that would permit the Court to modify Jackson's sentence are present here.  Moreover, a district court does not have inherent authority to correct even an illegal sentence.  *See* United States v. Diaz-Clark, 292 F.3d 1310 (11th Cir. 2002).  Jackson may, however, have the right to raise a challenge to his sentence by filing a motion under 28 U.S.C.A. § 2255.[3]  This Court will not construe the Motion for Reconsideration of Sentence as a motion brought under 28 U.S.C.A. § 2255, however.  The Supreme Court of the United States has recently cautioned district courts against the practice of recharacterizing the post-trial motions

---

[1] Federal Rule of Criminal Procedure 35 identifies three situations in which a district court may correct or reduce an otherwise final sentence:  (1) on remand after an appeal; (2) on motion of the government to reflect a defendant's substantial assistance; or (3) within seven days after the imposition of sentence to correct a clear error.  Fed. R. Crim. P. 35.

[2] Subsection (c) provides for modification of an imposed term of imprisonment in the following circumstances:  (1) upon motion of the Director of the Bureau of Prisons; (2) as otherwise permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure; or (3) where the defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).  18 U.S.C.A. § 3582(c) (West 2000 & West Supp. 2005).

[3] Even if Jackson were to pursue his claim pursuant to 28 U.S.C. § 2255, he would not be guaranteed of success, of course.  Nevertheless, this statute appears to offer Jackson the only opportunity to raise a challenge to his sentence.

of criminal defendants. *See* <u>Castro v. United States</u>, 540 U.S. 375, 124 S. Ct. 786 (2003) (holding that district courts may not recharacterize motions as § 2255 motions without first advising the movant of the consequences of recharacterizing the motion).

In view of the foregoing, the Court finds that it is without authority to reconsider Jackson's sentence. The Court also declines to recharacterize Jackson's Motion as a § 2255. Accordingly, the Motion for Reconsideration of Sentence, as presented, is hereby denied.

**SO ORDERED**, this the 9th day of August, 2005.

                                                  <u>s/   Hugh Lawson</u>
                                                  **HUGH LAWSON, JUDGE**

mls